**Ralph C. Spooner, OSB No. 732880**
E-mail: rspooner@smapc.com
**David E. Smith, OSB No. 124591**
Email: dsmith@smapc.com
SPOONER & MUCH, P.C.
530 Center Street N.E., Suite 712
Salem, OR 97301
Phone: 503-378-7777
Fax:    503-588-5899

Of Attorneys for Defendant State Farm
Mutual Automobile Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JUSTIN KOON, | |
| Plaintiff, | |
| | Case No. 6:23-cv-00227-MC |
| vs. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation, | **DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO COMPLAINT** |
| Defendant. | |

COMES NOW, defendant State Farm Mutual Automobile Insurance Company ("State Farm"), by and through its attorneys, Ralph C. Spooner and David E. Smith, Spooner & Much, P.C., and for its Answer to plaintiff's Complaint alleges:

1.

State Farm admits paragraph 1 of plaintiff's Complaint and further admits that State Farm is a company organized under the laws of Illinois with its principal place of business in Bloomington, Illinois.

/ / /

Page 1 – DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO COMPLAINT

2.

In answer to paragraph 2 of plaintiff's Complaint, State Farm admits that on or about January 4, 2021, plaintiff, Justin Koon, was occupying his 2018 Ford Explorer as a passenger while it was stopped on NE Neff Road at the intersection with NE 27th Street in Bend, Deschutes County, Oregon, when a vehicle operated by Noah Flores struck the rear of his 2018 Ford Explorer. State Farm further admits that the 2018 Ford Explorer was operated by the plaintiff's wife, Cady-Mae Koon, at the time of the subject motor-vehicle accident. State Farm further admits that all times material, the 2018 Ford Explorer was available for the regular use of plaintiff. State Farm further admits plaintiff was insured under two State Farm car policies at the time of the subject motor-vehicle accident referred to in paragraph 6 below. State Farm further admits that plaintiff sustained some injuries as a result of the subject motor-vehicle accident, the exact extent of which are unknown to State Farm. State Farm denies the remaining allegations as pled in paragraph 2 of plaintiff's Complaint.

3.

In answer to paragraph 3 of plaintiff's Complaint, State Farm admits that Noah Flores was negligent in causing the subject motor-vehicle accident in at least one of the ways alleged by plaintiff in paragraph 3 of plaintiff's Complaint. State Farm denies the remaining allegations as pled in paragraph 3 of plaintiff's Complaint.

4.

In answer to paragraph 4 of plaintiff's Complaint, State Farm admits that plaintiff sustained some damages and some physical injuries as a result of the subject motor-vehicle accident, the exact extent of which are unknown to State Farm. State Farm denies the remaining allegations as pled in paragraph 4 of plaintiff's Complaint.

5.

In answer to paragraph 5 of plaintiff's Complaint, State Farm admits that the vehicle operated by Noah Flores in the subject motor-vehicle accident was an ***uninsured motor vehicle*** as that term is understood in the State Farm car policies referred to in paragraph 6 below. State Farm denies the remaining allegations as pled in paragraph 5 of plaintiff's Complaint.

6.

In answer to paragraph 6 of plaintiff's Complaint, State Farm admits that on July 11, 2017, plaintiff was insured under two car insurance policies issued by State Farm, certified true copies of which are attached hereto as Exhibits 1 and 2, and by this reference incorporated herein:

   a.   Policy No. 389 9780-A12-37 (hereinafter referred to as the Ford Explorer policy) issued to cover the 2018 Ford Explorer plaintiff was occupying in the subject motor-vehicle accident referred to in paragraph 2 above; and

   b.   Policy No. 063 2305-C03-37I (hereinafter referred to as the Honda CRV policy) issued to cover a 2012 Honda CRV which was not involved in the subject motor-vehicle accident.

Both policies were in effect on January 4, 2021, and contained underinsured motorist ("UIM") coverage with an "each person" policy limit in the amount of $100,000. State Farm denies the remaining allegations as pled in paragraph 6 of plaintiff's Complaint.

7.

State Farm denies paragraphs 7 and 8 of plaintiff's Complaint as pled. State Farm further denies plaintiff's prayer for relief. Except as expressly admitted, State Farm denies each and every other allegation in plaintiff's Complaint.

\*           \*           \*           \*           \*

FOR A FURTHER ANSWER, AFFIRMATIVE DEFENSE, AND COUNTERCLAIM FOR DECLARATORY RELIEF to plaintiff's Complaint, State Farm alleges:

9.

Re-alleges and incorporates by reference the matters admitted in its Answer above.

10.

Plaintiff was occupying his 2018 Ford Explorer at the time of the subject motor-vehicle accident referred to in paragraph 2 above. The 2018 Ford Explorer was owned by plaintiff for longer than 30 days at the time of subject motor-vehicle accident referred to in paragraph 2 above. At the time of the subject motor-vehicle accident, Cady-Mae Koon was not operating the 2018 Ford Explorer to replace the 2012 Honda CRV due to breakdown, repair, servicing, damage or theft.

11.

Plaintiff's wife, Cady-Mae Koon, is the named insured on the Declarations page of the Honda CRV policy (Ex. 2, p. 1).

12.

The 2018 Ford Explorer occupied by plaintiff in the subject motor-vehicle accident referred to in paragraph 2 above is the described vehicle listed on the Declarations page of the Ford Explorer policy (Ex. 1, p. 1). The 2018 Ford Explorer is not the described vehicle listed on the Declarations page of the Honda CRV policy (Ex. 2, p. 1).

/ / /

13.

Consistent with ORS 742.504(4)(b), the Honda CRV contained the following contractual provision, as modified by 6937B.2 Amendatory Endorsement (Ex. 2, p. 49):

> THERE IS NO COVERAGE FOR AN *INSURED* WHO SUSTAINS *BODILY INJURY*:
> a.    WHILE *OCCUPYING* A MOTOR VEHICLE *OWNED BY* OR FURNISHED FOR THE REGULAR USE OF *YOU* IF IT IS NOT *YOUR CAR* OR A *NEWLY ACQUIRED CAR*; OR
> \* \* \* \*

14.

The Honda CRV contains the following definitions relevant to the provision referenced above:

> *Bodily Injury* means bodily injury to a *person* and sickness, disease, or death that results from it.
>
> *Car* means a land motor vehicle with four or more wheels, designed for use primarily on public roads...
> \* \* \* \*
>
> *Newly Acquired Car* means a *car* newly *owned by you* or a *resident relative*. A *car* ceases to be a *newly acquired car* on the earlier of:
> 1.    the effective date and time of a policy, including any binder, issued by *us* or any other company that describes the *car* as an insured vehicle; or
> 2.    the end of the 14th calendar day immediately following the date the *car* is delivered to *you* or a *resident relative*.
> \* \* \* \*
>
> *Occupying* means in, on, entering, or exiting.
> \* \* \* \*
>
> *Owned By* means:
> 1.    owned by;
> 2.    registered to; or
> \* \* \* \*

*You* or *Your* means the named insured or named insureds shown on the Declarations Page and includes the *spouse* of the first *person* shown as a named insured if the *spouse* resides primarily with that named insured.
\* \* \* \*

*Your Car* means the vehicle shown under "YOUR CAR" on the Declarations Page. *Your Car* does not include a vehicle that *you* no longer own or lease.
\* \* \* \*

*Insured* means:
1.   *you*;

\* \* \* \*

15.

State Farm offered to pay the UIM limit of the Ford Explorer policy referred to in paragraph 6(a) above in the amount of $100,000 to plaintiff.

16.

Consistent with the policy provision of the Honda CRV policy referred to in paragraph 13 above, State Farm denied coverage for UIM benefits to plaintiff under the Honda CRV policy because the vehicle occupied by plaintiff was owned by him longer than 30 days and was not the described vehicle listed on the Honda CRV policy.

17.

An actual controversy has arisen and now exists between the parties concerning whether the policy provision referred to in paragraph 13 above is enforceable to exclude coverage for UIM benefits to plaintiff under the Honda CRV policy for the damages plaintiff incurred as a result of the subject motor-vehicle accident referred to in paragraph 2 above.

18.

State Farm seeks a judgment declaring that State Farm has no obligation to pay UIM benefits to plaintiff under the Honda CRV policy on the basis that the policy provision

referred to in paragraph 13 above is enforceable under ORS 742.500 to 742.506 to exclude coverage for UIM benefits to plaintiff for the damages plaintiff incurred as a result of the subject motor-vehicle accident occurring on January 4, 2021.

19.

This Court has the authority to issue the requested relief pursuant to 28 U.S.C. § 2201(a).

WHEREFORE, having fully answered plaintiff's Complaint, State Farm prays for judgment in its favor as follows:

1. Dismissing plaintiff's Complaint with prejudice;

2. Granting judgment in State Farm's favor on its claim for declaratory relief declaring that State Farm has no obligation to pay UIM benefits to plaintiff under the Honda CRV policy on the basis that the policy provision referred to in paragraph 13 above is enforceable under ORS 742.500 to 742.506 to exclude coverage for UIM benefits to plaintiff for the damages plaintiff incurred as a result of the subject motor-vehicle accident occurring on January 4, 2021; and

3. For its reasonable costs and disbursements incurred herein.

DATED this 15th day of February, 2023.

        s/ Ralph C. Spooner
        RALPH C. SPOONER, OSB# 732880
        DAVID E. SMITH, OSB# 124591
        Of Attorneys for Defendant
        E-mail: rspooner@smapc.com
                 dsmith@smapc.com
        Fax: (503) 588-5899

# CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing **DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO COMPLAINT** with **Exhibits 1 and 2** to the following:

David Rosen, OSB No. 101952
Philip J. Kirk, OSB No. 224346
High Desert Law LLC
716 NW Harriman St.
Bend, OR 97703
Fax: (541) 228-9184
E-mail address: drosen@high-desert-law.com
and philip@high-desert-law.com
   Attorney for *Plaintiff*

☒   by emailing a copy to said attorney at the above email address with consent of counsel;
☒   by mailing a copy in a sealed, first-class, postage prepaid envelope, addressed to said attorneys at the above address and deposited in the U.S. Mail;
☒   by serving correct copies thereof, certified by me as such, to attorneys via the United States District Court for the District of Oregon's CM/ECF filing system.

DATED this 15th day of February, 2023.

s/ Ralph C. Spooner
RALPH C. SPOONER, OSB# 732880
DAVID E. SMITH, OSB# 124591
Spooner & Much, P.C.
Attorneys for Defendant State Farm Mutual
Automobile Insurance Company
E-mail: rspooner@smapc.com
         dsmith@smapc.com
Fax: (503) 588-5899